BANK OF COMMERCE & TRUST CO v. STAVROS.—103 S. W. (2d) 593.

Western Section. May 16, 1936.

Petition for Certiorari denied by Supreme Court, February 13, 1937.

R. L. Bartels, of Memphis, for plaintiff in error.

Wils Davis and W. W. Hughes, both of Memphis, for defendant in error.

SENTER, J. This is a will contest case tried in the circuit court of Shelby county on an issue of devisavit vel non. The will of George Stavros, who died in Shelby county, Tenn., on July 3, 1933, was duly

admitted to probate in common form and in the probate court of Shelby county, Tenn., on July 11, 1933; and on the 11th of May, 1934, a petition for contest was filed by his widow, Florence Murley Stavros, alleging that George Stavros did not have mental capacity to make a valid will at the time the will was made. Issues were properly joined in the circuit court and tried to a jury and the circuit judge, resulting in a jury verdict in favor of the contestant; holding that Stavros did not have sufficient mental capacity to execute a will on the date of its alleged execution.

A motion for a new trial was seasonably filed and overruled by the trial judge. From this action of the court the proponent of the will, Bank of Commerce & Trust Company, executor, has appealed in error to this court.

Several of the assignments of error are directed to the general charge of the court to the jury and certain of the assignments of error are directed to the action of the court in refusing to give in charge certain special requests submitted by the proponent, Bank of Commerce & Trust Company, and certain of the assignments go to the action of the court in giving in charge to the jury special requests submitted by the contestant.

Under the first assignment it is said that the court erred in refusing to give the following special request submitted by the Bank of Commerce & Trust Company, executor, after the general charge:

"The burden of proving the formal execution of the will by George Stavros is upon the proponent of the will, the executor. By 'formal execution' is meant that the will was executed by George Stavros in the manner as required by law, and attested by two witnesses to whom he declared that it was his last will and testament, and at the time of the execution George Stavros had an understanding of his act.

"When this has been shown, the burden of proving that the maker of the will, at the time he executed it, was not of sound mind, rests upon the party seeking to impeach the will—in this case, Mrs. Stavros; and to carry this burden she must show by clear and satisfactory evidence, as well as a preponderance of the evidence, that the maker at the time that he executed the will did not have sufficient legal capacity to understand his act."

It is insisted that this was error because the trial judge did not at any place in the charge state that it was incumbent upon the contestant to prove mental incapacity by clear and satisfactory evidence, and not by a mere preponderance of the evidence. In support of this contention appellant cites Pritchard on Wills, section 105; Gass' Heirs v. Gass' Ex'rs, 3 Humph. 278; Ford v. Ford. 7 Humph., 92; Hager v. Hager, 13 Tenn. App., 23, 34.

Section 105 of Pritchard on Wills states the rule to be:

"The burden of proving the formal execution of the will is always

on the proponents; but when this has been done, the presumption of law is in favor of the sanity of the testator, and the will may be read to the jury. The burden of overcoming the legal presumption of capacity and of showing a want of it by clear and satisfactory evidence is upon the party impeaching the will."

In the same section the author further states:

"When insanity is shown to have existed before the execution of the will, the presumption of law is that it continues, unless the malady or delusion under which the testator labored was, in its nature, accidental and temporary, and the burden of showing capacity at the time of the execution of the will is shifted upon the party insisting upon its validity. And where the evidence leaves it doubtful whether or not sufficient capacity existed, the burden of removing the doubt is upon the proponents. But no particular measure of proof is necessary to establish a lucid interval, or the existence of such a state of mind as the law deems requisite to the exercise of the testamentary privilege. The proof must be sufficient to overcome the presumption that naturally arises in the mind after the person is shown to be of unsound mind."

In the present suit numerous witnesses testified to acts and conduct upon the part of the deceased, Stavros, and numerous instances of abnormal, unusual, and unnatural conduct upon his part, beginning along about 1922; and that for the first several years thereafter Stavros would have these periodical spells, but not continuous abnormal mental state. As to these facts there was very little conflict in the evidence.

The learned trial judge gave to the jury a very full charge on the question of the burden of proof. He stated to the jury that the burden of proof was first upon the proponents of the will to show that it had been formally executed and witnessed, and that, after this is shown by the proponent, the contestant, relying upon insanity or mental incapacity at the time the will is executed, is required to show by a preponderance of the evidence the mental incapacity of the testator. The court further charged that, where the unsoundness of the mind of the testator is shown, the burden of proof then shifts to the proponent to show that he had lucid moments and periods, and that the will was executed during a lucid interval.

The learned trial judge did not charge the jury in so many words that contestant would have to prove by "clear and satisfactory" evidence the unsoundness of the mind of the testator, but did charge that the burden of proving this was upon the proponent.

In Gass' Heirs v. Gass' Ex'rs, supra, the court said on this subject:

"The question of sanity is peculiarly a question of fact for the decision of the jury, and a party seeking to impeach the validity of a will for a supposed want of it on the part of the testator, must

establish the fact of the insanity, by the clearest and most satisfactory proof.''

This language was used by the court in this case not in connection with the charge of the trial judge, but was the language of the court in the opinion. Just what is meant by the ''clearest and most satisfactory'' evidence is not entirely free from confusion. The term of ''clear and satisfactory'' evidence is frequently used. Some of the textwriters seem to consider that it is the equivalent of proving the fact beyond a reasonable doubt. It is the general rule in practically all jurisdictions, and especially in Tennessee, that, where the burden of proof is upon a party to prove a fact or state of facts, this burden is met by a preponderance of the evidence. In other words, under the general rule, the evidence must preponderate in favor of the person relying upon a fact or a condition in all civil suits. It is only in criminal cases in Tennessee that the fact shall be proven to the satisfaction of the jury beyond a reasonable doubt. In certain classes of cases, as for instance, where it is sought to set up a parole trust, the evidence in support thereof shall be clear, cogent, and convincing.

In the case of Ford v. Ford, supra, the court stated:

''The court charged the jury, that the law presumed every person of sound mind, 'and when a will is sought to be invalidated or impeached by reason of insanity of the testator, it is incumbent upon those who impeach the will, to show by *satisfactory proof* (italics ours), that the maker was not of sound mind at the date of the will.' It is supposed this charge is erroneous, because it was competent to have proved the state of the testator's mind, both before and after the date of the will, and if it had been shown he was insane before the date of the will, this fact estalished. would have placed the onus upon the other side, to prove actual sanity at the date of the will. We do not perceive that this argument places his honor, the circuit judge, in the wrong.''

It will be noted that the court in the above case used the words ''satisfactory proof.'' We do not think that this language is any stronger than to say that the facts shall be proven by a preponderance of the evidence. If the evidence preponderates in favor of a given contention in the estimation of the jury, then we think it follows that the evidence is satisfactory to the jury.

In the case of Hager v. Hager, supra, a special request to be given in charge was refused by the trial judge, and was made the basis of an assignment of error. The special request was as follows:

''The burden of proving the formal execution of the will is always on the proponents, but when this has been done the presumption of law is in favor of the sanity of the testator and the will may be read to the jury. The burden of overcoming the legal presumption of capacity and showing a want of it by clear and satisfactory evi-

dence, is upon the parties impeaching the will, and the same rule of law applies with respect to the burden of showing fraud, and undue influence.''

In discussing the above special request, the Court of Appeals stated:

''There can be no gainsaying the proposition that this special request embodied sound rules of law. Nor do we find a sufficiently clear statement with respect to this point in the main charge of his Honor. It has for a century or more been understood in this State that when a will bearing the signature of the testator and two subscribing witnesses is produced, the presumption arises as a matter of law that the testator had sufficient testamentary capacity and that the instrument embraced his testimony wishes, and that it is incumbent upon any person who avers that testator was lacking in capacity, or that he was the victim of fraud or undue influence, to prove those invalidating grounds by preponderance of the evidence.''

It will thus be seen that the Court of Appeals did not place any stress upon the phrase used in the special request there under consideration, ''clear and satisfactory evidence,'' but considered the term synonymous with the phrase ''preponderance of the evidence.''

In all other cases to which our attention has been called the court simply placed the burden of proving mental incapacity or insanity upon the contestant, and requires that the fact be so proved by a preponderance of the evidence.

In the case of Bennett v. Ins. Co., 107 Tenn., 371, 64 S. W., 758, 759, which was a suit to rescind a contract on the ground of fraud, the court stated:

''We know of no rule requiring any number of witnesses to prove a fact such as is set up in this case. It is true, the burden is upon the party seeking to impeach the writing, but a preponderance of evidence is all that is required in this as well as other civil cases.''

The general charge of the court on the same subject did not use the words ''satisfactory proof,'' or ''clear and satisfactory proof,'' but did clearly charge that the burden of proving the mental incapacity of the testator was upon the contestant, and that the evidence would have to preponderate in favor of that alleged fact, to warrant the jury in returning verdict in favor of the contestant.

We think that the special request was sufficiently covered by the general charge on the subject, and that it was not error for the learned trial judge to refuse to give in charge the special request made the subject of the first assignment of error, and it is accordingly overruled.

The second assignment challenges for error the action of the trial judge in granting the special request of the contestant as follows:

''If you find from a preponderance of the evidence in this case, that prior to October 4, 1929, the deceased, George Stavros, became in-

sane or of unsound mind, and that the malady producing this condition was not accidental and temporary, then the burden of showing that on October 4, 1929, at the time the will was made, he was of sane or sound mind is upon the proponents of the will; or if the evidence leaves you in doubt as to whether he was of sound mind at the time the will was made, then in that case also the burden of removing such doubt rests upon the proponents of the will.''

Under this assignment it is contended that the error in this charge consists in that it instructs the jury that, if in their minds doubt exists as to the soundness of the mind of the testator as of the date he made his will, the burden rests upon the proponents to overcome such doubt, and that the true rule is that, if there be doubt from the evidence as to the testator's sanity, it is the duty of the jury to resolve that doubt in favor of the testator's soundness of mind.

We do not think that this charge is subject to the criticism made. The court first instructs the jury that, if they find from a preponderance of the evidence that prior to the time of the making of the will Stavros became insane or of unsound mind, and that the malady producing the condition was not accidental and temporary, then the burden of showing that on October 4. 1929, the date of the will, he was of sane mind, is upon the proponents of the will.

This is clearly a correct statement of the rule to this point. The court clearly instructs the jury that the burden of proof is upon the contestant to show that fact. The court then charges if they find from a preponderance of the evidence the facts to be as above stated, that the burden of showing that he was sane on the date of the making of the will is upon the proponent. This charge meets the rule that, if insanity is proved to exist prior to the date of the will, the presumption is that it continued to the time of the making of the will, and the burden of proof then shifts to the proponent to show that he was sane on the date that the will was made. This charge tells the jury that if they find by a preponderance of the evidence that prior to October 4, 1929, deceased became insane, and that the malady producing this condition was not accidental and temporary, then the burden of showing that on October 4, 1929, at the time the will was made, he was of sound mind is upon the proponents of the will.

The court then states the further rule that, if the evidence leaves the jury in doubt as to whether he was of sound mind at the time the will was made; then the burden of removing such doubt is upon the proponents of the will.

Pritchard on Wills, section 105, states the rule in almost the exact language of the charge as follows:

''When insanity is shown to have existed before the execution of the will, the presumption of law is that it continues, unless the malady or delusion under which the testator labored was in its na-

ture accidental and temporary, and the burden of showing capacity at the time of the execution of the will is shifted upon the party insisting upon its validity. And, where the evidence leaves it doubtful whether or not sufficient capacity existed, the burden of removing the doubt is upon the proponents.''

In support of the above rule the author cites among other cases Key v. Holloday, 7 Baxt. 575. The court held in that case that the following instruction by the trial judge was not error:

''The court next proceeded to give instructions as to the law when the will is impeached on the ground of want of testamentary capacity, and when the proof leaves it doubtful as to testator's capacity to make a will. In such case he tells the jury, 'It is incumbent on the propounder to meet such proof by evidence, and satisfy the jury that the testator had a knowledge of its contents, and on this point you are not confined to the testimony of the subscribing witnesses of other persons that it was read to the testator, but you can look to all the facts and surrounding circumstances attending its execution. to see, whether in point of fact, he had a knowledge of its contents.' ''

The court in the above instruction was referring to the capacity of the testator to make a will, where the burden rests when incapacity was once shown to have existed, or the jury left in doubt as to the capacity of the testator to make the will after insanity had once been shown.

In that case, as in the present case, the charge recognized clearly the rule that the burden of proof was first upon the contestants to show that prior to the date of the making of the will the testator did not have testamentary capacity, but, when this requirement is met by the contestant, then the burden shifts to the proponent to show by a preponderance of the evidence that on the date the will was made and at the time it was made, the testator was not insane, and then was of testamentary capacity, and then if there ws a doubt the jury would resolve the doubt in favor of the presumption that the insanity continued up to the time of the making of the will.

We find no error in this charge, and this assignment of error is accordingly overruled.

There are other assignments which challenge portions of the general charge or the refusal of the court to grant certain special requests tendered by the proponents. We have carefully examined the general charge of the court, and also in connection with the other special requests submitted by proponents, and do not find that the general charge is subject to the criticism made, and that the general charge fully covers all proper matters contained in the special requests submitted and refused. It would but unnecessarily prolong this opinion to set out these assignments and discuss them in detail.

Certain other assignments of error are directed to the action of

the court in admitting evidence of declarations of the testator as to his physical and mental condition. We do not find any confusion in the decisions of the Supreme Court of this state on this question.

Appellant in the brief filed concedes that the decisions of the Supreme Court have, in effect, held that declarations of the testator before the execution of his will which tend to show a lack of mental capacity are admissible as bearing upon the issue of soundness of mind, but makes the contention that this rule does not extend so far as to permit declarations by the testator which in and of themthemselves tend to show a knowledge and understanding of the things discussed or said, and that such evidence is nothing more than hearsay.

We cannot quite follow this contention. If the evidence complained of shows intelligence upon the part of the testator at the time the declarations are made, and, if the accredited declarations reflect sanity rather than insanity, such evidence was certainly not harmful to the proponents. If, on the other hand, it tended to show insanity at a date prior to the making of the will, it was competent. Ricketts v. Ricketts, 151 Tenn., 525, 267 S. W., 597; Throckmorton v. Holt, 180 U. S., 552, 21 S. Ct., 474, 45 L. Ed., 663; 68 C. J., 1004-1006. The assignments on this subject are accordingly overruled.

Among the assignments most relied upon by appellant are those based upon the effect of certain testimony given by Mrs. Stavros, the wife of the deceased. This testimony, where it involved matters pertaining to the marital relations, was specifically withdrawn from the jury, and the trial judge instructed the jury not to consider this evidence.

At the time this evidence was offered and the objections thereto made, on the ground that it was matters occurring between husband and wife and violative of the sanctity of the relation between husband and wife, the learned trial judge suspended his ruling as to its competency for the time being. Later he sustained the objection. All of the evidence of this witness had been given in the presence and hearing of the jury. At the time the trial judge sustained the objections, it was agreed in open court by the attorneys representing the respective parties that the court could withdraw from the jury all of the evidence that came within the rule, and that the attorneys could state to the jury that part of her evidence which the trial judge permitted to remain in the record. To the end that there could be no misunderstanding, the attorney for the proponents took the transcribed notes of the court reporter and marked the particular questions and answers objected to and sustained by the trial judge, and it was then stated that the remaining evidence unobjected to could be commented upon in argument to the jury, and this was done.

We think it clear that there was no error in this action of the court. It was urged by appellant that the fact that the jury had heard this incompetent evidence was prejudicial and that a new trial should be granted. We do not find that there was a motion for a mistrial entered after this evidence was heard. If there had been, we think that the action of the trial judge in withdrawing this evidence from the jury and specifically instructing the jury not to consider it, was entirely sufficient and in keeping with the rule. Vol. 6, section 2534 et seq., Jones Blue Book on Evidence.

While we have not taken up and separately discussed each of the assignments of error, we think that what we have said with reference to the assignments sufficiently covers the questions made on this appeal.

It results that we find no error in the action of the court, and all assignments of error are accordingly overruled, and the judgment of the lower court is accordingly affirmed.

The cost of this appeal will be paid by the appellant out of the estate of the deceased.

Anderson and Ketchum, JJ., concur.